|   |   |
|---|---|
| | IN THE UNITED STATES DISTRICT COURT |
| | FOR THE NORTHERN DISTRICT OF CALIFORNIA |

MARIO AVILA,

    Petitioner,

  v.

JAMES WALKER, Warden,

    Respondent..

                                     /

No.    C 08-2882 SBA (PR)

**ORDER GRANTING PETITIONER'S MOTION TO STAY HABEAS PROCEEDINGS; DIRECTING PETITIONER TO FILE QUARTERLY STATUS REPORTS; AND DIRECTING CLERK TO ADMINISTRATIVELY CLOSE THIS CASE UNTIL THE COURT ISSUES ORDER LIFTING STAY**

(Docket nos. 2, 7)

        Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The Court ordered Respondent to show cause why the petition should not be granted.  Prior to Respondent's deadline for filing his answer, Petitioner filed a motion to stay his federal petition while he exhausts his remedies in state court.

### DISCUSSION

        Petitioner raises four claims: (1) substantial evidence does not support an enhancement for street terrorism; (2) admission of 911 tape recording violated Sixth Amendment right to confrontation; (3) ineffective assistance of trial counsel for: (a) failing to object to testimony that gang members were outside the courtroom; (b) failing to request an evidentiary hearing on whether any jurors were biased by their own observations of gang members inside and outside the courtroom; and (c) failing to object to the use of Petitioner's juvenile adjudication as a prior strike and (4) the trial court's imposition of an upper term sentence violated Petitioner's right to a jury trial. The record shows that Petitioner has presented claims one, two and three in his petition for review to the California Supreme Court.  (Pet'r Ex. C.)  Therefore, claims one, two and three are exhausted. However, Petitioner has failed to exhaust state remedies with respect to claim four.  The Court finds that this action must be dismissed as a mixed petition under Rose v. Lundy, 455 U.S. 509, 510 (1982).  In his motion for a stay, Petitioner requests that he be permitted to return to state court to

exhaust "the issues that Petitioner submitted to this Court" and to exhaust "new issues." (Mot. to Stay at 1.) He claims that he has "raised new issues in the Monterey County Superior Court, Case No. HC 6377, and would like to exhaust these issues through the Appellate and California Supreme Courts." (Id.) Thus, it is evident that Petitioner has failed to exhaust state remedies with respect to his new claims. Petitioner therefore requests that he be permitted to return to state court to exhaust his unexhausted claims.

Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b),(c); Rose, 455 U.S. at 515-16. If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. Id. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988). A dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausting available state remedies. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

District courts have the authority to issue stays and the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) does not deprive them of that authority. Rhines v. Webber, 544 U.S. 269, 277-78 (2005). The district court's discretion to stay a mixed petition is circumscribed by AEDPA's stated purposes of reducing delay in the execution of criminal sentences and encouraging petitioners to seek relief in the state courts before filing their claims in federal court. Id. Because the use of a stay and abeyance procedure has the potential to undermine these dual purposes of AEDPA, its use is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious. Id. Moreover, where granting a stay, the district court must effectuate the timeliness concerns in AEDPA by placing "reasonable limits on a petitioner's trip to state court and back." Id. at 278. Prisoners who may run the risk of having the federal statute of limitations expire while they are exhausting their state remedies may avoid this predicament "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings

until state remedies are exhausted." Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (citing Rhines, 544 U.S. at 277-78). "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. Id. (citing Rose, 455 U.S. at 522 (the total exhaustion requirement was not intended to "unreasonably impair the prisoner's right to relief")).

     Under the circumstances alleged by Petitioner, the Court finds that Petitioner has demonstrated good cause for his failure to exhaust his claims in state court. Specifically, good cause exists for Petitioner's failure to exhaust these claims on direct appeal because his claims could be raised by way of state habeas corpus. Furthermore, the Court notes that Petitioner's unexhausted claims are potentially meritorious. This is Petitioner's first habeas petition, and there is no evidence that he seeks the stay for improper purposes. See Fetterly v. Paskett, 997 F.2d 1295, 1301-02 (9th Cir. 1993) (holding that a stay for the purpose of permitting exhaustion of unexhausted claims should be granted only if the claims petitioner seeks to pursue are cognizable under § 2254; there is a likelihood of prejudice to petitioner if the stay is not granted; and there is no evidence that the motion for a stay is brought to delay, vex, or harass, or that the request is an abuse of the writ). Additionally, the Court notes that prior to Petitioner filing his motion to stay, Respondent was directed to file an answer on the merits to the petition; however, Respondent has not done so as of yet. Because there is no evidence that Petitioner engaged in intentionally dilatory litigation practices, he is entitled to have his petition stayed during the time he exhausts his claims in state court. See Rhines, 544 U.S. at 278; see also Olvera v. Giurbino, 371 F.3d 569, 573-74 (9th Cir. 2004) (a stay is clearly appropriate when valid claims would otherwise be forfeited due to AEDPA's one-year statute of limitations). Accordingly, Petitioner's motion to stay the instant petition is GRANTED.

## CONCLUSION

For the reasons stated above, the Court hereby orders as follows:

1.  Petitioner's motion to stay (docket no. 7) is GRANTED.

2.  These proceedings are hereby STAYED pending Petitioner's exhaustion of his state judicial remedies. Petitioner must act diligently in exhausting his state judicial remedies, or the stay may be lifted. He must file quarterly reports describing the progress of his state court proceedings, commencing **thirty (30) days** from the date of this Order and continuing every **ninety (90) days** thereafter until his state court proceedings are terminated. He must also attach to his status reports copies of the cover page of any document that he files with or receives from the state courts relating to the claims.

3.  The Clerk of the Court shall ADMINISTRATIVELY CLOSE the file pending the stay of this action. Nothing further will take place in this action until Petitioner receives a final decision from the highest state court and, within **thirty (30) days** of doing so, moves to reopen the action, lift the Court's stay and amend the stayed petition to add the newly-exhausted claims.

4.  Because this case is being stayed, Petitioner's "Motion to Submit Cautionary Federal Writ of Habeas Corpus to Avoid A.E.D.P.A.'s Time-Bar" (docket no. 2) is DENIED as unnecessary.

5.  This Order terminates Docket nos. 2 and 7.

IT IS SO ORDERED.

DATED: 2/17/09

SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\HC.08\Avila2882.stay-EXH.wpd 4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO AVILA, | Case Number: CV08-02882 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| JAMES WALKER et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 17, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Mario M.A. Avila V86646
California State Prison - Sacramento
P.O. Box 290066
Represa, CA 95671-0066

Dated: February 17, 2009

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.08\Avila2882.stay-EXH.wpd